IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv402
(3:08cr256)

| | |
|---|---|
| TERENCE GARMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court upon Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate Plea, filed September 17, 2009. (Doc. No. 1).

On December 16, 2008, Petitioner was charged with two offenses, including possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A). (Count One). (Case No. 3:08cr256, Doc. No. 1). On December 22, 2008, Richard L. Brown was appointed as counsel. (Case No. 3:08cr256, Doc. No 3). On December 23, 2008, the Government gave notice pursuant to 21 U.S.C. § 851 that, in the event Petitioner is convicted of the drug charge, it intends to seek an enhanced sentence based upon his two prior felony drug convictions. (Case No. 3:08cr256, Doc. No. 4). On February 17, 2009, Petitioner filed a Plea Agreement wherein he agreed to plead guilty to the drug charge in exchange for the Government's removal of one of his two prior drug convictions from its § 851 Notice. (Case No. 3:08cr256, Doc. No. 12). On March 13, 2009, Petitioner appeared before a magistrate judge with his appointed counsel and entered his guilty plea to Count One. (Case No. 3:08cr256, Doc. No. 14: Entry and

Acceptance of Guilty Plea form).

Petitioner's case subsequently was scheduled for sentencing on July 29, 2009. However, on July 24, 2009, a Notice of General Appearance and a Motion to Continue were filed by David R. Lange, who was retained by Petitioner to replace Mr. Brown. (Case No. 3:08cr256, Doc Nos. 29 and 30). On July 28, 2009, a magistrate judge relieved Mr. Brown of his duties and continued the case. Petitioner's case was scheduled for sentencing on September 17, 2009, but on September 9, 2009, Attorney Lange filed a Motion for Inquiry as to Counsel, seeking a hearing to ascertain whether Petitioner had hired another attorney to replace him. (Case No. 3:08cr256, Doc. No. 32). Lange's motion explained that he recently had received information indicating that someone else was going to handle Petitioner's defense; that Petitioner had refused to respond to Lange's questions about the matter and had failed to notify Lange about whether he wanted Lange to stay in the case; and that Petitioner had refused to meet with Lange on an occasion when he attempted to visit him at the jail. Id. On September 10, 2009, a magistrate judge heard Lange's motion, at which time Lange expressed his willingness to continue his representation and Petitioner indicated that he was satisfied with Lange. Petitioner further explained that his refusal to meet with Lange was due to his confusion. Accordingly, on September 10, 2009, the Court entered an Order reporting that there was no basis to remove Attorney Lange from Petitioner's case. (Case No. 3:08cr256, Doc. No. 33).

Nevertheless, on the day of sentencing, Lange filed a Motion to Withdraw as Counsel on the ground that Petitioner had failed to cooperate with his preparation for that hearing. (Case No. 3:08cr256, Doc. No. 34). Counsel further stated that Petitioner had advised him, based upon his own research, that his first attorney was ineffective; that he should not have pled guilty; and that his first attorney had failed to show him the discovery in his case. Thus, at the outset of Petitioner's hearing,

2

the Court entertained counsel's motion to withdraw. Counsel explained that Petitioner had refused to cooperate because he wanted Lange to file a § 2255 motion alleging ineffective assistance against Attorney Brown. After hearing from Lange, the Court denied Lange's motion to withdraw. The Court advised Petitioner that counsel was a knowledgeable and experienced lawyer but gave the Petitioner the option of going forward with Mr. Lange or representing himself. Petitioner chose the latter. He then made an oral motion to vacate under § 2255 on the basis of Brown's alleged ineffectiveness. However, the Court construed Petitioner's motion as one to withdraw his guilty plea and denied said motion. The Court then granted Lange's oral motion for a continuance in order to allow him time to prepare a motion for a downward variance. Petitioner's sentencing hearing has been re-scheduled for September 29, 2009.

Notwithstanding that he yet has not been sentenced, Petitioner has filed the instant pro se Motion to Vacate alleging a Fourth Amendment violation, ineffective assistance by his former and current attorneys, and prosecutorial misconduct. (Doc. No. 1). Petitioner's Motion must be dismissed.[1]

By its terms, Title 28 U.S.C. § 2255 is limited in scope in that it provides that only "[a] prisoner in custody <u>under sentence</u> of a court established by Act of Congress claiming the right to be released upon the ground that the <u>sentence</u> was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the <u>sentence</u> to vacate, set aside or correct the sentence." (emphasis added). Indeed, as was explained in <u>Close v. United States</u>, 198

---

[1] On September 18, 2009, Attorney Lange filed a motion in Petitioner's criminal case to dismiss the instant § 2255 motion. (Case No. 3:08cr256, Doc. No. 37). Lange's motion reports that Petitioner denies having either filed or even read this § 2255 motion. However, because there is no indication that Lange has been hired by Petitioner to represent him in this civil pro-ceeding, the Court will not consider Lange's motion to dismiss.

F.2d 144, 146 (4th Cir. 1952), § 2255 "was enacted to provide means whereby questions as to the validity of a judgment and sentence of imprisonment could be raised and determined by motion in the sentencing court . . . ." Inasmuch as Petitioner currently is not in custody under a sentence of this Court, his attempt to obtain relief under § 2255 is premature. Therefore, this Motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate Plea (Doc. No. 1) is **DISMISSED without prejudice**.

Signed: September 22, 2009

Robert J. Conrad, Jr.
Chief United States District Judge